# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
12/02/2021
CT Log Number 540677598

TO: David Monk
REALPAGE, INC.
2201 LAKESIDE BLVD
RICHARDSON, TX 75082-4305

RE: **Process Served in Illinois**

FOR: RealPage, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KATRINA O'CONNOR, on behalf of herself and all others similarly situated vs. REALPAGE, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH05955 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/02/2021 at 03:05 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air |
| | Image SOP |
| | Email Notification, Leanna Honeycutt leanna.honeycutt@realpage.com |
| | Email Notification, David Monk david.monk@realpage.com |
| | Email Notification, Sarah Reynolds sarah.reynolds@realpage.com |
| | Email Notification, Martin Thornthwaite martin.thornthwaite@realpage.com |
| | Email Notification, Alyssa Pazandak alyssa.pazandak@realpage.com |
| | Email Notification, Kellie Hoyle kellie.hoyle@realpage.com |
| | Email Notification, David Knight david.knight@realpage.com |
| | Email Notification, Chinenye Kanu chinenye.kanu@realpage.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-665-5799 |

 CT Corporation

**Service of Process Transmittal**
12/02/2021
CT Log Number 540677598

**TO:** David Monk
REALPAGE, INC.
2201 LAKESIDE BLVD
RICHARDSON, TX 75082-4305

**RE:** **Process Served in Illinois**

**FOR:** RealPage, Inc. (Domestic State: DE)

SouthTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**              Thu, Dec 2, 2021

**Server Name:**       Christopher Rodriquez

| Entity Served | REALPAGE, INC. |
|---|---|
| Case Number | 2021CH05955 |
| Jurisdiction | IL |



Hearing Date: 3/24/2022 9:30 AM - 9:30 AM
Courtroom Number: N/A
Location: District 1 Court
    Cook County, IL

FILED
11/29/2021 11:04 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05955

15750199

FILED DATE: 11/29/2021 11:04 AM 2021CH05955

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **Summons - Alias Summons** | **(08/01/18) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Katrina O'Connor

(Name all parties)

v.

RealPage, Inc.

Case No.   2021CH05955

### ☑ SUMMONS  ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 61416

Atty Name: Uhrich Law, P.C.

Atty. for: Katrina O'Connor

Address: 3317 West Fullerton Avenue

City: Chicago

State: IL   Zip: 60647

Telephone: 773.969.6337

Primary Email: steven@uhrichlawpc.com

Witness: 11/29/2021 11:04 AM IRIS Y. MARTINEZ

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

FILED DATE: 11/29/2021 11:04 AM   2021CH05955

FILED DATE: 11/29/2021 11:04 AM   2021CH05955

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

◉ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

Hearing Date: 3/24/2022 9:30 AM - 9:30 AM
Courtroom Number: 2402
Location: District 1 Court
Cook County, IL

**12-Person Jury**

FILED
11/24/2021 11:19 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05955

15729749

FILED DATE: 11/24/2021 11:19 AM  2021CH05955

# IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

KATRINA O'CONNOR, on behalf of herself
and all others similarly situated,

        *Plaintiff,*

    v.

REALPAGE, INC.,

        *Defendant.*

Case No. **2021CH05955**

**CLASS ACTION COMPLAINT**

**TRIAL BY JURY DEMANDED**

      Plaintiff KATRINA O'CONNOR, on behalf of herself and all others similarly situated, and complaining of Defendant REALPAGE, INC., respectfully alleges as follows:

## I.    PRELIMINARY STATEMENT

      1.    In this consumer class action brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, Plaintiff seeks statutory damages for herself and all others similarly situated for Defendant's violations of the FCRA.

      2.    In violation of its duties under FCRA section 1681e(b), when Defendant prepares tenant screening reports for its for its landlord and property management customers, it fails to follow reasonable procedures to assure maximum possible accuracy of residential eviction litigation records it purchases from a third-party vendor, which results in the inclusion of sealed or expunged eviction information in Defendant's reports.

## II.    JURISDICTION *and* VENUE

      3.    This Court's subject matter jurisdiction arises under 15 U.S.C. § 1681p.

      4.    This Court's jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State); section 2-209(a)(7) (the making or performance of any contract or promise substantially connected with this State); section 2-209(b)(4) (corporation

FILED DATE: 11/24/2021 11:19 AM 2021CH05955

doing business within this State); and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

5.     Venue is proper in this county pursuant to 735 ILCS 5/2-101 because the transactions and occurrences at issue, or some part thereof, occurred here. In addition, Defendant does business in this county. 735 ILCS 5/2-102(a).

### III.     *The* PARTIES

6.     Plaintiff Katrina O'Connor ("Plaintiff" or "O'Connor") is an adult individual who resides in Chicago, Illinois.

7.     At all relevant times, Plaintiff was a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

8.     Defendant RealPage, Inc. ("Defendant" or "RealPage") is a Delaware corporation with its principal place of business at 2201 Lakeside Boulevard, Richardson, Texas.

9.     RealPage regularly conducts business in Illinois and its registered agent in Illinois is CT Corporation System located at 208 South LaSalle Street, Suite 814, Chicago, Illinois.

10.     At all relevant times, Defendant was a "person" and a "consumer reporting agency" ("CRA") within the meanings of 15 U.S.C. §§ 1681a(b) and (f), respectively.

11.     Defendant's tenant screening reports, which it prepares for a fee, are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d) because they are used and expected to be used for multiple purposes governed by FCRA section 1681b and the information included in them bears on the credit history, credit worthiness, reputation, personal characteristics, and mode of living of the consumer who is the subject thereof.

2

FILED DATE: 11/24/2021 11:19 AM    2021CH05955

12.     Whenever Defendant prepares one of its tenant screening reports, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

## IV.    FACTUAL ALLEGATIONS

13.     Defendant prepares and sells tenant screening reports about consumers who apply to rent apartments from its landlord and property management customers nationwide.

14.     Upon information and belief, Defendant regularly includes information pertaining to residential eviction actions brought throughout the United States in its tenant screening reports, including information pertaining to eviction actions in Illinois and in Cook County.

15.     Upon information and belief, for many years, Defendant has purchased most the eviction information it includes in its tenant screening reports from a single third-party vendor, LexisNexis Risk Data Retrieval Services ("LexisNexis").

16.     Upon information and belief, Defendant does not retrieve physical copies or digital representations of court records from courthouses or government offices throughout the United States where the records themselves are housed in conjunction with the day-to-day functioning of those entities.

17.     Upon information and belief, Defendant instead obtains summary information from LexisNexis that does not include all the information or up-to-date information available about eviction matters that have been sealed or expunged.

18.     Upon information and belief, Defendant knows that its public records vendor includes information concerning sealed or expunged eviction matters in the condensed, summary information that it provides.

FILED DATE: 11/24/2021 11:19 AM    2021CH05955

19.     Purchasing summary, incomplete public records information was the impetus for regulatory investigations of the "Big Three" CRAs (Trans Union, Equifax, and Experian), and dozens of FCRA class action lawsuits throughout the United States, including in Illinois.

20.     Moreover, in 2015, the Consumer Financial Protection Bureau ("CFPB") published guidance to CRAs about the importance of adequately overseeing public records vendors.

> Examiners found that the oversight of public records providers by one or more CRAs was weak and required corrective action. For example, one or more CRAs had never conducted a formal audit of their public records providers. In addition, one or more CRAs did not have defined processes to verify the accuracy of public record information provided by their public records providers. In light of such weaknesses, Supervision directed one or more CRAs to establish and implement suitable and effective oversight of public records providers.[1]

21.     Further, the CFPB expressed concern about the accuracy of public records information that the CRAs imported into their consumer databases:

> Examiners reviewed quality control processes with respect to the accuracy of consumer reports produced by one or more CRAs and found that, with certain exceptions, there were no quality control policies and procedures to test compiled consumer reports for accuracy. While processes existed to analyze and improve the quality of incoming data, there was no post-compilation report review or sampling to test the accuracy of consumer reports. In light of these weaknesses, Supervision directed one or more CRAs to develop a plan with implementation timelines to establish quality controls that regularly assess the accuracy and integrity of the consumer reports and consumer file disclosures produced.[2]

22.     Other regulators, including the New York Attorney General, initiated investigations of the Big Three in part due to similar problems with the accuracy and currency of public records information in consumer reports.

---

[1]     CFPB, *Supervisory Highlights*, 2.1.1 (Summer 2015), available at http://files.consumerfinance.gov/f/201506_cfpb_supervisory-highlights.pdf (last viewed November 23, 2021).

[2]     *Id.* at 2.1.2.

FILED DATE: 11/24/2021 11:19 AM 2021CH05955

23. The Big Three ultimately entered into an agreement[3] with the New York Attorney General that they took to calling the "National Consumer Assistance Plan" ("NCAP").

24. As of July 1, 2017, pursuant to the requirements of the settlement and the NCAP, the Big Three ceased including in credit reports civil judgment information that did not meet certain minimum standards. In practice, this meant that civil judgments disappeared entirely from consumer reports prepared by the Big Three.[4]

25. Although the Big Three stepped back from using public records information in some of their consumer reporting products, other CRAs—like Defendant—continue to do so.

26. At all times relevant to these allegations, Defendant was aware of the investigations of the CFPB and state attorneys general into the Big Three's public records practices, the NCAP, the various public records class actions pending throughout the United States, and its obligations under the FCRA.

27. Nevertheless, notwithstanding the problems associated with the incomplete and inaccurate public records information purchased from vendors of such information, Defendant continued and continues to report eviction information so obtained to its customers.

28. Upon information and belief, Defendant's policy and practice is to accept the eviction information it purchases from LexisNexis at face value, without any auditing, vetting, or corroboration.

---

[3]    *Settlement Agreement*, In the Matter of the Investigation by Eric T. Schneiderman, Attorney General of the State of New York, of Experian Information Solutions, Inc.; Equifax Information Services, LLC; and TransUnion, LLC, http://www.ag.ny.gov/pdfs/CRA%20Agreement%20Fully%20Executed%203.8.15.pdf (last viewed Nov. 23, 2021).

[4]    *See* CFPB, *Quarterly Consumer Credit Trends Report*, 2-3 (February 2018) https://www.consumerfinance.gov/documents/6270/cfpb_consumer-credit-trends_public-records_022018.pdf (last viewed July 9, 2018).

FILED DATE: 11/24/2021 11:19 AM 2021CH05955

29. Upon information and belief, Defendant fails to oversee, supervise, or audit its vendor LexisNexis and the records it purchases, which failure results in the inclusion of sealed or expunged eviction information in tenant screening reports it prepares about consumers across the country and in Illinois.

30. At all times relevant hereto, information pertaining to eviction lawsuits filed in the Cook County Circuit Court, including full case dockets, was available online for free from the website of the Cook County Circuit Court Clerk.

31. On or about December 12, 2017, O'Connor's former landlord filed an eviction action against her in the Circuit Court of Cook County, case number 2017-M1-720801.

32. On or about March 21, 2018, a judge of the Cook County Circuit Court entered an order dismissing case number 2017-M1-720801 with prejudice.

33. In a separate order of the same date, the court sealed the records relating to case number 2017-M1-720801 pursuant to 735 ILCS 5/9-121(b).

34. Upon information and belief, as of March 22, 2018, a search for case number 2017-M1-720801 using the Cook County Circuit Court Clerk's website would have yielded no results.

35. Indeed, as of the date of this filing, a search for case number 2017-M1-720801 returns no results.

36. In December 2019, O'Connor applied to rent an apartment at SKY55, an apartment building in Chicago, Illinois.

37. Consistent with its standard policies, practices, and procedures, Defendant prepared a tenant screening report about O'Connor for SKY55 for a fee.

FILED DATE: 11/24/2021 11:19 AM    2021CH05955

38.     Upon information and belief, Defendant did not conduct any independent search of relevant civil records prior to preparing its tenant screening report about O'Connor, but rather included summary information that it had purchased from LexisNexis.

39.     Upon information and belief, prior to preparing its tenant screening report about O'Connor, Defendant did not corroborate the information it purchased from LexisNexis with the Clerk of the Cook County Circuit Court's website, which would have contained no information about case number 2017-M1-720801.

40.     The tenant screening report Defendant prepared about O'Connor contained the following information concerning case number 2017-M1-720801:

| Jur code | Record ID | Defendant | Address | Plaintiff | File Date/ Amt | Case # | County/State | Results | Notes |
|---|---|---|---|---|---|---|---|---|---|
| ILCOOM1 | MY76070348 | KATRINA OCONNOR | 1330 E 53RD CHICAGO IL 606154000 | PEAK CAMPUS MANAGE | 12/12/2017 $0.00 | 17M1720801 | COOK/IL | No data available on judgment results | |

41.     Defendant's screening report was inaccurate and misleading because it contained information relating to case number 2017-M1-720801 after the entry of the court's order sealing records related to that case.

42.     Defendant's tenant screening report was inaccurate and misleading because it contained no reference to the dismissal with prejudice of case number 2017-M1-720801.

43.     As of the date of the tenant screening report, Defendant's inaccurate information concerning case number 2017-M1-720801 was more than 20 months old.

44.     At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for consumers' rights set forth in FCRA section 1681e(b).

FILED DATE: 11/24/2021 11:19 AM   2021CH05955

## V.   CLASS ACTION ALLEGATIONS

45.   Plaintiff brings this action on behalf of the following Class and Subclasses for

Defendant's violations of FCRA section 1681e(b):

### Nationwide Class

For the period beginning five (5) years prior to the filing of this Complaint and
continuing through the date of judgment, all natural persons with an address in the
United States and its Territories about whom Defendant prepared a tenant screening
report containing eviction information that, according to court records, had been
sealed or expunged at least 30 days prior to the date of the report.

### Subclass 1 – State of Illinois

For the period beginning five (5) years prior to the filing of this Complaint and
continuing through the date of judgment, all natural persons with an address in the
United States and its Territories about whom Defendant prepared a tenant screening
report containing eviction information from a court within the State of Illinois that,
according to court records, had been sealed or expunged at least 30 days prior to
the date of the report.

### Subclass 2 – Circuit Court of Cook County

For the period beginning five (5) years prior to the filing of this Complaint and
continuing through the date of judgment, all natural persons with an address in the
United States and its Territories about whom Defendant prepared a tenant screening
report containing eviction information from the Circuit Court of Cook County,
Illinois that, according to court records, had been sealed or expunged at least 30
days prior to the date of the report.

46.   The proposed class meets all requirements of 735 ILCS 5/2-801.

47.   The members of the Class are so numerous that joinder of all members is

impracticable. Although the precise number of Class members is known only to Defendant,

Plaintiff avers upon information and belief that the members of the Class number in the thousands.

Defendant sells eviction information to thousands of landlords and rental property agents

throughout the country, and its reports to such businesses are standardized, form documents,

produced by the same practices and procedures applicable to all subjects of the reports.

8

FILED DATE: 11/24/2021 11:19 AM    2021CH05955

48.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. The principal question is whether Defendant violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the information contained in its tenant screening reports with respect to eviction cases that had been sealed or expunged at least 30 days prior to Defendant's preparation of a report about Class members and whether Defendant's conduct was willful.

49.     Plaintiff's claim and those of the members of the Class arise from the same operative facts and are based on the same legal theory.

50.     Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

51.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

52.     Whether Defendant violated the FCRA can be determined by examination of Defendant's policies and practices and a ministerial comparison of Defendant's records and publicly available eviction litigation records.

53.     Similarly, Class members' identities can be derived from Defendant's records.

54.     A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is slight because the maximum statutory damages are limited to between $100 and $1,000 under the FCRA. Management of the Class's claims is likely to present significantly fewer difficulties than those presented in many individual claims.

## VI.     CLAIMS *for* RELIEF

### COUNT I
### Violation *of* FCRA Section 1681e(b)

55.     Plaintiff incorporates by reference the foregoing paragraphs.

56.     Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the sealed or expunged eviction information it included in tenant screening reports it prepared about Plaintiff and members of the Class.

57.     Defendant's failure was willful or reckless.

58.     Pursuant to FCRA section 1681n, Defendant is liable to the Plaintiff and Class members for the relief requested herein.

### VII.     PRAYER *for* RELIEF

WHEREFORE, Plaintiff prays this Honorable Court grant her the following relief:

A.     certifying the proposed Class under 735 ILCS 5/2-802 and appointing Plaintiff and her counsel to represent the Class;

B.     awarding statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member pursuant to 15 U.S.C. § 1681n(a);

C.     awarding punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D.     awarding costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n;

E.     and granting such other and further relief as may be just and proper.

10

FILED DATE: 11/24/2021 11:19 AM     2021CH05955

FILED DATE: 11/24/2021 11:19 AM   2021CH05955

## VIII.   <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury on all issues so triable.

Dated: November 24, 2021            Respectfully submitted,

KATRINA O'CONNOR, *on behalf of herself and all others similarly situated.*

By:      <u>*s/Steven Uhrich*</u>
UHRICH LAW P.C. (atty # 61416)
3317 West Fullerton Avenue
Chicago, IL 60647
T: (773) 969-6337
F: (773) 496-6968
steven@uhrichlawpc.com

Jordan M. Sartell[*]
FRANCIS MAILMAN SOUMILAS, P.C.
310 South County Farm Road, Suite H
Wheaton, IL 60187
T: (215) 735-8600
F: (215) 940-8000
jsartell@consumerlawfirm.com

John Soumilas[**]
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jsoumilas@consumerlawfirm.com

*Attorneys for Plaintiff*

[*] admitted in Illinois

[**] seeking admission *pro hac vice*

11

Hearing Date: 3/24/2022 9:30 AM - 9:30 AM
Courtroom Number:
Location:

FILED
11/24/2021 12:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05955

15731978

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

**KATRINA O'CONNOR**, on behalf of herself
and all others similarly situated,

      *Plaintiff,*

    v.

**REALPAGE, INC.,**

      *Defendant.*

Case No. 2021-CH-05955

## <u>NOTICE OF MOTION</u>

**TO:**

> **RealPage, Inc.**
> **c/o CT Corporation System**
> **208 South LaSalle Street, Suite 814**
> **Chicago, Illinois**

PLEASE TAKE NOTICE that on March 24, 2022, at 9:30 a.m. or as soon thereafter as counsel may be heard, I will appear before the Honorable Judge presiding, in courtroom 2402 of the Richard J. Daley Center, 50 West Washington Street, and present Plaintiff's Combined Motion and Memorandum in Support of Class Certification, a copy of which is served upon you concurrently with this Notice.

Respectfully submitted,

*s/ Steven J. Uhrich*
Atty # 61416
UHRICH LAW, P.C.
3317 West Fullerton Avenue
Chicago, IL 60647
Tel. 773-969-6337
Fax. 773-496-6968
Steven@UhrichLawPC.com

Courtroom Number:
Location:

FILED
11/24/2021 12:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH05955

15731978

FILED DATE: 11/24/2021 12:20 PM   2021CH05955

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, CHANCERY DIVISION

KATRINA O'CONNOR, on behalf of herself
and all others similarly situated,

      *Plaintiff,*

    v.

REALPAGE, INC.,

      *Defendant.*

Case No. _____

**COMBINED MOTION AND
MEMORANDUM IN SUPPORT OF
CLASS CERTIFICATION**

Plaintiff KATRINA O'CONNOR, by and through counsel, and pursuant to 735 ILCS

5/2-801, hereby moves to certify this case as a class action for the reasons set forth herein.

## I.    **INTRODUCTION**

In this consumer class action brought pursuant to the Fair Credit Reporting Act, 15 U.S.C.

§§ 1681-1681x ("FCRA"), Plaintiff seeks relief for herself and all others similarly situated from

Defendant's violations of FCRA section 1681e(b) arising from its inclusion of information

concerning sealed or expunged eviction matters in tenant screening reports it prepares for its

landlord and property management customers.

## II.    **THE PROPOSED CLASS AND SUBCLASSES**

This Court should certify the following Class and Subclasses:

### Nationwide Class

For the period beginning five (5) years prior to the filing of this Complaint and
continuing through the date of judgment, all natural persons with an address in the
United States and its Territories about whom Defendant prepared a tenant screening
report containing eviction information that, according to court records, had been
sealed or expunged at least 30 days prior to the date of the report.

FILED DATE: 11/24/2021 12:20 PM    2021CH05955

### Subclass 1 – State of Illinois

For the period beginning five (5) years prior to the filing of this Complaint and continuing through the date of judgment, all natural persons with an address in the United States and its Territories about whom Defendant prepared a tenant screening report containing eviction information from a court within the State of Illinois that, according to court records, had been sealed or expunged at least 30 days prior to the date of the report.

### Subclass 2 – Circuit Court of Cook County

For the period beginning five (5) years prior to the filing of this Complaint and continuing through the date of judgment, all natural persons with an address in the United States and its Territories about whom Defendant prepared a tenant screening report containing eviction information from the Circuit Court of Cook County, Illinois that, according to court records, had been sealed or expunged at least 30 days prior to the date of the report.

## III.    LEGAL STANDARD

735 ILCS 5/2-801 provides that:

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

## IV.    ARGUMENT

A.    The Requirements of 735 ILCS 5/2-801 Are Met Here

1.    *Numerosity*

Numerosity is present here, where "the class is so numerous that joinder of all members is impracticable." In approving class certification, the numbers of class members may vary, but upon

2

FILED DATE: 11/24/2021 12:20 PM 2021CH05955

information and belief, exists here as Defendants operate nationally, soliciting consumers online, and have for many years. The exact number of members of the Class is presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendants. Members of the Class can be easily identified through Defendants' records or by other means. Based on this, numerosity should exist, as joinder of all members of each class or subclass is impracticable.

2.     *Commonality and Predominance*

There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Class, including, without limitation:

  a.     Whether Defendant prepared a tenant screening report about Plaintiff and members of the Class that contained a sealed or expunged eviction record;

  b.     Whether Defendant followed reasonable procedures in obtaining the eviction litigation information it included in the tenant screening reports it prepared about Plaintiff and members of the Class; and

  c.     Whether Defendant's conduct was willful.

3.     *Adequacy of Representation*

Plaintiff and Class Counsel are qualified and determined to more than adequately represent the Class's interests. Neither Plaintiff nor her counsel have any interests adverse to, or which conflict with, the interests of other members of the Class or Subclasses.

Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

3

FILED DATE: 11/24/2021 12:20 PM    2021CH05955

Moreover, undersigned counsel is well experienced and capable of representing the class, having represented consumers in numerous class actions prior to this case.

4.    *Appropriateness*

    a.    The class action is the appropriate method for the fair and efficient adjudication of this controversy.

The present case is appropriate for a class action, as it would provide for the fair and efficient adjudication of the controversy and substantial benefits will derive from proceeding as a class action. Such treatment enables a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would engender. This would also protect judicial resources as it would allow a single judicial decision to apply to the entire class, rather than require the separate adjudication of dozens or hundreds of very similar claims.

    b.    Timeliness.

While this case has only recently been filed, Plaintiff is presenting this motion, in part, to comply with the Illinois Supreme Court's decision in *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450 (2011), which requires that a motion for class certification be filed in order to avoid potential "pick-off" of the named Plaintiff by Defendant. While all facts have not been fleshed out at this point, Plaintiff and her counsel are confident that discovery will reveal all information necessary to supplement this motion for class certification. This Court also has the option of entering and continuing this motion to allow the parties time to adequately engage in discovery prior to an amended and supplemental motion or class certification being filed.

    c.    Possible alternative class or subclasses.

In the event this Court determines that a different class definition should be certified, it can and should do so, with notice to the parties, with its reasons. If the Court favors a modified class

FILED DATE: 11/24/2021 12:20 PM 2021CH05955

definition, class certification under these circumstances should not be denied, but rather certified and then modified. Indeed, 5/2-802 provides that a class certification order "may be amended" which allows for adjustment of the appropriate classes or subclasses to be certified. *Cohen v. Blockbuster Entertainment, Inc.*, 376 Ill. App. 3d 588, 595 (1st Dist. 2007) The trial court has a continuing obligation to take cognizance of a change in factual circumstances and to modify class certification rulings when necessary. 735 ILCS 5/2-802. If any modifications are eventually necessary, this Court has the discretion to later modify the structure. *Bueker v. Madison County*, 2016 IL App (5th) 150282, ¶ 46.

**V.    CONCLUSION**

WHEREFORE, Plaintiff respectfully prays that this Court enter an Order awarding the following relief:

> A.    certifying this action as a class action pursuant to 735 ILCS 5/2-801, *et seq.*, on behalf of the Class and Subclasses defined herein;
>
> B.    appointing Plaintiff as Class Representative;
>
> C.    appointing Plaintiff's Counsel as Class Counsel; and
>
> D.    awarding such additional and further relief the Court deems just and proper.

Dated:    November 24, 2021              Respectfully Submitted,

KATRINA O'CONNOR, *by her attorneys*,

*/s/ Steven J. Uhrich*
Steven Uhrich
UHRICH LAW P.C. (atty # 61416)
3317 West Fullerton Avenue
Chicago, IL 60647
T: (773) 969-6337
F: (773) 496-6968
steven@uhrichlawpc.com

5

FILED DATE: 11/24/2021 12:20 PM   2021CH05955

Jordan M. Sartell[*]
FRANCIS MAILMAN SOUMILAS, P.C.
310 South County Farm Road, Suite H
Wheaton, IL 60187
T: (215) 735-8600
F: (215) 940-8000
jsartell@consumerlawfirm.com

John Soumilas[**]
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jsoumilas@consumerlawfirm.com

*Attorneys for Plaintiff*

[*] admitted in Illinois
[**] seeking admission *pro hac vice*

FILED DATE: 11/24/2021 12:20 PM   2021CH05955

## CERTIFICATE OF SERVICE

The undersigned attorney, on oath state that on Wednesday, November 24, 2021, I caused the foregoing **Combined Motion for Class Certification and Memorandum in Support** to be filed with the Clerk and served upon Defendants entitled to notice via email.

/s/ Steven J. Uhrich
Steven Uhrich (atty # 61416)

7